*W. R. Smith,* for defendants.

---

### HILL *et al.,* administrators, *v.* LEWIS, administrator; *et vice versa.*

Under the pleadings in this case and the facts shown, the defendant in error in the main bill of exceptions was not entitled to the reformation or remolding of the decree which had been rendered in a prior action between parties of whom the parties to the present case are representatives.

NOVEMBER 17, 1916.   REHEARING DENIED DECEMBER 19, 1916.

Equitable petition.   Before Judge Graham.   Pulaski superior court.   September 16, 1915.

J. T. Hill and J. W. Dennard as administrators of J. J. Dennard, deceased, presented to the judge of the superior court a motion or petition praying for an order or decree placing them in possession of certain land, and that the equity of the defendant in the land be forever barred.   An order nisi was granted.   The defendant, H. B. Lewis, having died, his administrator, J. A. Lewis, presented a response to this petition, and asked that the decree upon which the petitioners based their application for the writ of possession be remolded.   This decree had been rendered in an action wherein J. J. Dennard was plaintiff and H. B. Lewis and others were defendants.   The essential facts appearing in the record of that suit are as follows:   J. J. Dennard proceeded against four named defendants as intruders upon two lots of land, aggregating 405 acres, under the Civil Code, § 5380.   The defendants tendered the counter-affidavit provided for by that section, and remained in possession of the land.   The plaintiff then filed his petition to the superior court, praying that he recover possession and mesne profits, that the title be decreed to be in him, and that a receiver be appointed to take charge of the land and rent it pending the suit.   He described the recorded deeds under which he claimed title, and alleged that he had held exclusive, uninterrupted, and peaceable possession for over twenty years; that the defendants entered without his consent, without any title; that they were in-

solvent; and that if they were permitted so to remain, he would be damaged without redress, the rental value of the land being $400 a year; etc. The defendants answered, in effect, that they held possession as tenants under H. B. Lewis, who they were advised and believed was the true owner. They prayed that he be allowed to intervene and be made a party defendant; and they vouched him into court to defend his title. He was allowed by order of court so to intervene; and his answer was in substance as follows: About September 7, 1889, the plaintiff sold the land to intervenor and his father, J. W. Lewis, for $1,500, taking their notes for the price, and executing and delivering to them his bond for title. He put them in possession of the land, and thereafter they held adverse, continuous, peaceable, public, and uninterrupted possession until the death of J. W. Lewis in July, 1911, since which date intervenor has so held. Upon the faith of the contract of sale and purchase they expended, with plaintiff's knowledge, labor and money in clearing the land and erecting permanent improvements thereon. After they had done this, the plaintiff by fraudulent means (described) obtained from J. W. Lewis the bond for title and destroyed it. The plaintiff was notified that intervenor insisted upon the sale and would resist the effort to retake the land; whereupon plaintiff agreed that he would not insist upon a rescission of the contract, but would make good and sufficient title to the land upon the payment of $1,605, and granted time to the intervenor, upon terms, to make payment. A verdict was rendered, and a decree was entered thereon, that the plaintiff be required to convey the land to intervenor upon payment of $1,733.40; and thereupon the following decree was entered: "It is adjudged and decreed by the court that he, said J. J. Dennard, be and he is hereby required to specifically perform his said contract with the said H. B. Lewis, upon the payment to him by the said H. B. Lewis of the sum of seventeen hundred, thirty-three, and 40/100 ($1-733.40) dollars, the purchase-money of said lands, within sixty days from this date; and upon the payment of said sum of money to the said J. J. Dennard by the said H. B. Lewis, it is considered, ordered, and adjudged by the court that the title to said two lots of land, to wit, lots numbers two and nine in the eighth district of Pulaski County, Georgia, vest in and become the property of the said H. B. Lewis. It is further ordered and decreed that in the

event the plaintiff, J. J. Dennard, prosecutes a motion for new trial in said case, that then and in that event the said H. B. Lewis shall have sixty days after said motion for new trial is finally disposed of, within which to pay said purchase-money to the said J. J. Dennard." Dennard made a motion for a new trial; the motion was overruled; the case was brought by a writ of error to this court, and the judgment of the lower court was affirmed. *Dennard* v. *Lewis,* 142 *Ga.* 171 (82 S. E. 558). This left the decree recited above, which was in favor of the intervenor H. B. Lewis, to stand.

Upon considering the petition or application for a writ of possession by the administrators of J. J. Dennard and the response of the administrator of H. B. Lewis, the court granted the following order:

"After consideration of all the pleadings in this case, it is ordered, considered, and adjudged by the court as follows:

"1st. That the defendant, J. A. Lewis, administrator of the estate of H. B. Lewis, deceased, have until the 15th day of November, 1915, to pay to plaintiffs, J. T. Hill and J. W. Dennard, administrators of the estate of J. J. Dennard, deceased, the sum of ($1,733.40) seventeen hundred and thirty-three and 40/100 dollars, and interest thereon from 14th day of December, 1914, at seven per cent. per annum, and upon the payment of such sums on or before said date, Nov. 15, 1915, the title to said lots of land numbers two and nine in the eighth district of Pulaski County vest in and become the property of the estate of the said H. B. Lewis, deceased; but in the event of a failure to pay said sums of money as above provided and within the time provided, all the rights of his administrator in and to said two lots of land be and same is forever foreclosed and barred, and the sheriff of said county is authorized and instructed to put the plaintiffs, J. T. Hill and J. W. Dennard, administrators as aforesaid, in possession of said two lots of land in controversy.

"2nd. It further appearing that this suit was originally against John Lewis, Hardy Lewis, Green Lewis, and Andrew Lewis, and that they were all parties to this proceeding, having been served and having appeared at the trial of said case, and having disclaimed said two lots of land in question, claiming that H. B. Lewis was the owner of said lands and their landlord, and they or

some of them being now in possession of said land under H. B. Lewis or otherwise, it is ordered that in the event of the failure of the said J. A. Lewis, administrator of H. B. Lewis, to pay said sums of money as provided in the 1st section of this decree, and within the time provided, the clerk of this court issue a writ of possession, directing the sheriff of Pulaski County to put the plaintiffs, J. T. Hill and J. W. Dennard, administrators of the estate of J. J. Dennard, in possession of said lands and ousting all of said defendants, J. A. Lewis, administrator of the estate of H. B. Lewis, John Lewis, Green Lewis, Hardy Lewis, and Andrew Lewis, therefrom.

. . . . . . . . . . . . . . . . . .

"4th. That in the event J. A. Lewis, administrator of H. B. Lewis, pays said sums of money as provided for in paragraph one of this order to J. T. Hill et al., the clerk of this court is ordered to issue a writ of possession in favor of said J. A. Lewis, administrator, and against all the other defendants, John, Green, Hardy, and Andrew Lewis, directing the sheriff of said county to put the said J. A. Lewis, administrator, in possession of said two lots of land.".

To this judgment Dennard's administrators excepted.

*Hall & Grice* and *Charles J. Bloch,* for plaintiffs.

*John P. Ross* and *Howard E. Coates,* for defendant.

BECK, J. (After stating the facts.) We are of the opinion that the court erred in granting the order which, in effect, remolded the decree rendered in the original action brought by J. J. Dennard, wherein H. B. Lewis intervened and became a party defendant. In his intervention he made allegations appropriate to a petition for specific performance, and among other prayers there was one for specific performance, and the jury returned a verdict sustaining his contentions made in the intervention; and thereupon a decree was taken. If that decree was not authorized by the verdict, or if it imposed conditions which the verdict did not authorize the judge to write into the decree, the defendant should have excepted to the decree in time upon that ground. But he did not. The verdict was in his favor, and he stood upon that and upon a decree based upon the verdict. The plaintiff in the original action, J. J. Dennard, was dissatisfied with the verdict and the decree, made a motion for a new trial and sought to have them set aside, excepted to the judgment of

the lower court refusing him a new trial, and brought the case to this court, where a judgment adverse to him was rendered, by which the judgment of the lower court in favor of H. B. Lewis was affirmed. And it was too late for Lewis's administrator, after the lapse of time fixed by the decree within which the purchase-price of the land should be paid, to have that decree so remolded as to give him further time. That decree conferred vested rights upon both the plaintiff and the defendant to the proceedings, and neither could set it aside upon petition in the nature of a bill of review, without making a showing which would be necessary to sustain such a petition. Though in response to the motion in this case improper conduct upon the part of the opposite parties is alleged, no fraudulent conduct is made to appear. No conduct of the opposite party, in the slightest tinged with fraud, is shown that occurred subsequently to the decree rendered and which the court undertook to remold. If the making of a deed by J. J. Dennard subsequently to the sale of the lands to H. B. Lewis was fraudulent in its nature, that deed was recorded before the trial of the former case, and knowledge could have been had of its existence by the exercise of proper diligence. Whatever rights J. J. Dennard and H. B. Lewis may have had to the property in dispute and whatever their mutual obligations to the same, they were fixed by the decree rendered in that original suit and were merged in the decree. In the case of *Cunningham* v. *Schley,* 68 *Ga.* 105, it was said: "When a party to a contract seeks to enforce the same by bill for specific performance, and obtains a decree thereon, the contract is merged into the decree. Such contract and the decree founded upon it will not be set aside at the instance of the party who took it, on the ground that the defendants refuse to fully comply with it, and that on account of insolvency they can not be compelled by execution to do so, as provided in the decree. Especially will such decree stand in the absence of any allegation of fraud, accident, or mistake, or that insolvency had occurred since it was rendered."

It follows from what has been said that the court erred in remolding the decree as prayed by the defendant in error, and in enlarging the time in which the administrator of H. B. Lewis had to pay the money as a condition to the vesting of the title to said land in the estate of H. B. Lewis. On the contrary the court should have granted the prayers of the petitioners for a writ of

possession. The foregoing decision determines the questions made in the cross-bill of exceptions, adversely to the plaintiff in error therein.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*